**MORSE CRABLE COAL CO., Plaintiff-Appellee v
CRABLE, Defendant-Appellant.**

Ohio Appeals, 8th District. Cuyahoga County.

No. 18853.   Decided December 7, 1942.

George B. Harris, Cleveland, for plaintiff-appellee.
John N. Wilkin and H. W. Kiser, for defendant-appellant.

## OPINION

By MORGAN, J.

The plaintiff filed this action against the defendant on the following promissory note:

"$15,474.70/100                                Cleveland, Ohio, March 25, 1929.
On demand. after date I promise to pay to the order of THE MORSE CRABLE COAL & SUPPLY CO. Fifteen Thousand Four Hundred Seventy Four and 70/100 Dollars at       . Value Received. Interest @ 6%.                                (C. J. Crable) (signed)."

Payments were entered cn the note from 1929 to 1940 exceeding $5,000.00.

The defendant in his answer admits the execution and delivery of the note, but alleges that he and one F. W. Morse were the sole shareholders of the plaintiff company at the time of the execution of the note, and that both he and F. W. Morse at the time executed and delivered to the plaintiff identical notes one of which is the note sued upon in this action.

The answer continues:

"Prior to the delivery of each of said notes, it was thereupon agreed between F. W. Morse, defendant, and plaintiff corporation, and as part of the same transaction, that the said notes so executed for delivery to the corporation, were to be paid solely from earnings of the plaintiff corporation and prior to any dividends ever being paid to defendant and F. W. Morse on their shareholdings."

It is further alleged in the answer that all the payments made on the note sued upon were solely from the earnings of the corporation in pursuance of the said oral agreement.

The common pleas court granted plaintiff's motion for judgment on the pleadings on the ground that parol evidence would not be admitted to alter the terms of payment of the note.

It is our opinion that this judgment should be affirmed for the reasons stated by the trial judge.

**17 Ohio Jurisprudence 520:**

"The parol evidence rule applies to negotiable instruments and excludes evidence of prior or contemporaneous parol agreements to vary or contradict the obligation evidenced by the writing."

In Wetstein v Bankers Nat'l Bank, 20 CC (n.s.) 201 this court held:

"A verbal agreement made contemporaneously with the execution of a promissory note that it may be discharged in some other way than by the payment of money while it remains executory, is no defense to an action on the note but when fully executed it operates as payment or accord and satisfaction."

This case was affirmed by the supreme court without opinion in 89 Oh St 466. See: **Cummings v Kent, 44 Oh St 92; Beecher v Dunlap, 52 Oh St 64.**

In 71 A. L. R. 550, in a note to Bromfield Recr. v Trinidad Nat'l Investment Co. 36 Fed (2nd) 646, it is stated:

"It is the general rule supported by many decisions that parol or extrinsic evidence is inadmissible to show a prior or contemporaneous agreement that a note or bill of exchange in the ordinary form providing for the payment of a certain sum of money may or should be paid or discharged in some other mode or manner or in some other medium than that specified on the face of the instrument."

Decisions of Federal courts and of 29 states are cited in support of the above statement which also is in accord with the decisions in Ohio on this question. JUDGMENT AFFIRMED.

LIEGHLEY, PJ., SKEEL, J., concur.